IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERICA R. SPENCER,
# 15430-033,

**Petitioner,**

vs.

UNITED STATES OF AMERICA,

**Respondent.**                                         Case No. 16-cv-440-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Erica R. Spencer is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("FCI-Greenville"). This is Spencer's second petition pursuant to 28 U.S.C. § 2241 aimed at securing her admission to FCI-Greenville's Residential Drug Abuse Program ("RDAP"), which is a precursor to a possible 12-month reduction in her sentence. *See Spencer v. USA*, Case No. 16-cv-182-DRH (S.D. Ill. March 21, 2016) (dismissed without prejudice).

This matter is before the Court for review of the petition (Doc. 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules

gives this Court the authority to apply the rules to other habeas corpus cases. The Section 2241 petition is subject to dismissal.

## I.     Background

From June 2011 through June 2012, Erica Spencer filed federal income tax returns in the names of other individuals and fraudulently received their federal tax refunds in bank accounts that she controlled. Spencer was charged with numerous counts of identity theft, wire fraud, unauthorized use of access devices, and theft of public money on December 18, 2013. *United States v. Spencer*, No. 13-cr-00178-TBR-DW-1 (W.D. Ky. 2013). She entered into a written plea agreement on November 7, 2014, in which she agreed to plead guilty to numerous violations of 18 U.S.C. § 641, 18 U.S.C. § 1029(a)(2), 18 U.S.C. § 1028A, and 18 U.S.C. § 1343.[1] (Doc. 55, criminal case.)

On April 28, 2015, Spencer was sentenced in the United States District Court for the Western District of Kentucky to a total of 48 months of imprisonment, followed by 3 years of supervised release.[2] (Doc. 67, pp. 3-4, criminal case.) She was ordered to pay restitution in the amount of $94,150.00. (*Id*. at p. 6, criminal case.) The sentencing judge also ordered Spencer to be

---

[1] This includes thirteen counts of theft of public money in violation of 18 U.S.C. § 641 (Counts 1ss-13ss), one count of unauthorized use of access devices in violation of 18 U.S.C. § 1029(a)(2) (Count 14ss), thirteen counts of aggravated identity theft in violation of 18 U.S.C. § 1029(a)(2) (Counts 15ss-27ss), two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 28ss-29ss), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts 30ss-31ss). *United States v. Spencer*, No. 13-cr-00178-TBR-DW-1 (W.D. Ky. 2013) (Doc. 55).

[2] Spencer was sentenced to a total term of 24 months as to each of Counts 1 through 14, 28 and 29 in the Second Superseding Indictment, to be served concurrently with each other, and 24 months on Counts 15 through 27, 30 and 31, to be served concurrently with each other but consecutively to the terms imposed on Counts 1 through 14, 28 and 29, for a total term of 48 months imprisonment, followed by 3 years of supervised release. (Doc. 67, pp. 3-4, criminal case).

"placed in a facility wherein she may participate in a Residential Drug Abuse Treatment Program (RDAP) for treatment of narcotic addiction and/or drug/alcohol abuse. . . ." (*Id.* at 3, criminal case.) A Judgment and Commitment Order were entered in the criminal case on May 4, 2015. (*Id.*)

## II. <u>Habeas Petition</u>

According to her Section 2241 petition, Spencer's application for participation in FCI-Greenville's RDAP was denied because she could not properly document a problematic pattern of substance use in the year prior to her arrest (Doc. 1-1, pp. 2-3). Spencer was provided with a list of verifying documents that could satisfy this requirement—e.g., documentation of past substance abuse treatment; documentation from a probation officer, a parole officer, a social services professional who verifies a substance abuse problem; physical proof of past substance abuse from a medical professional; or evidence of substance detoxification upon entry into the Federal Bureau of Prisons. (*See* Doc. 1-1, pp. 3, 25-26.) To date, Spencer has not been able to provide documentation that meets this standard. (*See* Doc. 1-1, pp. 4-5, 12-13, 16-17, 27.)

Spencer now focuses on several purported factual errors in her PSR that, if corrected, will properly document a long history of substance abuse. The PSR notes that Spencer began using marijuana on a daily basis at the age of 15, and she *last* used marijuana in December 2013, a week prior to her self-surrender to federal authorities (Doc. 1-1, p. 12). The PSR goes on to explain that Spencer "had not used marijuana for two to three years prior to December 2013"—an

assertion Spencer contends is contradicted by a positive test for marijuana use while she was in pretrial custody (Doc. 1-1, pp. 12-13).  According to the PSR, Spencer explained her December drug use as being due to stress (Doc. 1-1, p. 12).

Toward correcting her PSR and securing the needed documentation for admission to RDAP, Spencer unsuccessfully pursued two motions with the sentencing court seeking correction of the PSR (Doc. 1-1, pp. 6-15).  She next turned to this Court for relief.  She asked the Court to permit an amendment to the PSR to reflect her history of substance abuse.  Her initial Section 2241 petition was dismissed without prejudice due to lack of subject matter jurisdiction (Case No. 16-cv-182-DRH, Doc. 3).

Spencer brings this second habeas corpus action pursuant to Section 2241 in order to (1) exclude purported factual errors in her Presentence Investigation Report ("PSR") that now preclude her from participation in FCI-Greenville's Residential Drug Abuse Program ("RDAP"), and (2) to request production of documentation of a positive test for marijuana while she was in pretrial custody.

### III.   Discussion

For the reasons that follow, Spencer is not entitled to relief under 28 U.S.C. § 2241.

A petition for a writ of habeas corpus is the proper vehicle for challenging the fact or duration of confinement, or seeking an immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Spencer has not directly requested immediate *or* speedier release, even if this is ultimately her goal.

RDAP is an intensive drug treatment program for federal inmates, who have documented substance abuse problems.  *See* 28 C.F.R. §§ 550.53, 550.56; U.S. DEPT. OF JUSTICE, BOP PROGRAM STATEMENT NO. 5330.11 ch. 2, p. 8 (2009). Successful completion of the program only triggers *eligibility* for a sentence reduction of up to 12 months; a shorter sentence is not guaranteed.  18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. §§ 550.54(a)(1)(iv), 550.55(a)(2).  If she were to prevail, the only relief she could obtain is an order amending her PSR to correct these factual errors and possible eligibility for RDAP.  *See Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("The difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action.").

As explained relative to Case No. 16-cv-182, DRH, this Court has jurisdiction to issue the writ of habeas corpus under Section 2241(c)(3), if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003).  *See also Reeb v. Thomas,* 636 F.3d 1224, 1227 (9th Cir. 2011).  However, Spencer does not suggest such a violation.  Moreover, a prisoner has no constitutional right to participate in RDAP, nor is there a constitutional right to early release. *See Richardson v. Joslin,* 501 F.3d 415, 419–20 (5th Cir. 2007) (ineligibility for RDAP participation does not extend the original sentence or qualitatively alter the sentence); *Standifer v. Ledezma,* 653 F.3d 1276, 1280 (10th Cir. 2011) ("[a] prisoner has no constitutional right to participate in RDAP, and similarly, a

prisoner has no liberty interest in discretionary early release for completion of RDAP ..."). Also, conditioning eligibility upon documented proof of a substance abuse disorder within the twelve month period before arrest on the current offense has been held to be a permissible construction of the enabling statute. *See e.g. Mora–Meraz v. Thomas,* 601 F.3d 933, 942–43 (9th Cir. 2010); *Standifer v. Ledezma,* 653 F.3d 1276, 1280 (10th Cir. 2011).

Insofar as Spencer seeks the deletion of certain information in her PSR, and inclusion of other information, Section 2241 cannot be used to belatedly challenge or correct a PSR when the PSR was not initially objected to and was timely challenged under Federal Rule of Civil Procedure 32. *United States v. Peloso*, 824 F.2d 914, 195 (11th Cir. 1987). Plaintiff's Rule 32 motion to amend the PSR was denied in September 2015 because it was untimely and the sentencing court had been divested of jurisdiction ((Doc. 1-1, pp. 6-10). If Section 2241 could be routinely used to amend a PSR, then a defendant could minimize her drug and alcohol dependence at sentencing in the hope of receiving a more favorable sentence or prison placement, only to alter the PSR at a later date in order to try to secure a RDAP sentencing reduction.

## IV. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice.

A dismissal without prejudice is normally considered nonfinal because the petitioner remains free to refile her case. *See Gacho v. Butler*, 792 F.3d 732, 735

(7th Cir. 2015) (citing *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008)). If petitioner wishes to appeal this dismissal, she may file a notice of appeal with this Court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(i) (involving appeals where the United States is a party). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, she will be required to pay a portion of the $505.00 appellate filing fee in order to pursue her appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 17, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.05.17 12:56:32 -05'00'

**United States District Judge**